Renee Choy Ohlendorf (SBN 263939)
rohlendorf@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
Telephone:  310-909-8000
Facsimile:   310-909-8001

Attorneys for Defendant GC Services, L.P.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Herbert Cruz,<br><br>Plaintiff,<br><br>vs.<br><br>GC Services, L.P.,<br><br>Defendant. | Case No. 1:15-cv-00932 KJM-JLT<br>(Assigned to the Honorable Judge Kimberly J. Mueller)<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   6/19/15 |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**NOW COMES** Defendant GC Services, L.P. ("Defendant" or "GCS"), by and through its attorney, Renee Choy Ohlendorf of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Paragraph 1 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that Plaintiff's Complaint includes purported claims based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §1788, *et seq*. ("Rosenthal Act").  Defendant denies violating the FDCPA, denies violating the Rosenthal Act, and denies violating any law.  Defendant denies all remaining allegations of Paragraph 1.

1
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000
31604989v1 0975156

2. Paragraph 2 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that this Court has federal question jurisdiction over Plaintiff's purported FDCPA claims and may, in its discretion, exercise supplemental jurisdiction over Plaintiff's purported Rosenthal Act claim. Defendant denies all remaining allegations of Paragraph 2.

3. Paragraph 3 calls for a legal conclusion to which no response is required. Should a response be required, Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3. Defendant denies all remaining allegations of Paragraph 3, if any.

4. Paragraph 4 calls for a legal conclusion to which no response is required. Should a response be required, Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4. Defendant denies all remaining allegations of Paragraph 4, if any.

5. Paragraph 5 calls for a legal conclusion to which no response is required. Should a response be required, Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5. Defendant denies all remaining allegations of Paragraph 5, if any.

6. Paragraph 6 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that it is a business entity and admits it has an office located in Houston, Texas. Defendant denies all remaining allegations of Paragraph 6.

7. Paragraph 7 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that from time to time, it attempts to collect unpaid, outstanding account balances. Defendant denies all remaining allegations of Paragraph 7.

8. Paragraph 8 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that from time to time, it

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

31604989v1 0975156

attempts to collect unpaid, outstanding account balances. Defendant denies all remaining allegations of Paragraph 8.

9. Paragraph 9 calls for a legal conclusion to which no response is required. Should a response be required, Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9. Defendant denies all remaining allegations of Paragraph 9, if any.

10. Paragraph 10 calls for a legal conclusion to which no response is required. Should a response be required, Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10. Defendant denies all remaining allegations of Paragraph 10, if any.

11. Paragraph 11 calls for a legal conclusion to which no response is required. Should a response be required, Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11. Defendant denies all remaining allegations of Paragraph 11, if any.

12. Paragraph 12 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that in July 2014, it attempted to contact Plaintiff regarding his outstanding account balance. Defendant denies all remaining allegations of Paragraph 12, if any.

13. Paragraph 13 is vague, ambiguous and overbroad in time scope. Further answering, Defendant denies all allegations of Paragraph 13.

14. Paragraph 14 is vague, ambiguous and overbroad in time scope. Further answering, Defendant denies all allegations of Paragraph 14.

15. Paragraph 15 is vague, ambiguous and overbroad in time scope. Further answering, Defendant denies all allegations of Paragraph 15.

16. Paragraph 16 is vague, ambiguous and overbroad in time scope. Further answering, Defendant denies all allegations of Paragraph 16.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

31604989v1 0975156

17. For its response to Paragraph 17 of the Complaint, Defendant hereby restates and reincorporates by reference its responses to Paragraphs 1 through 16 of the Complaint, as though fully stated herein.

18. Paragraph 18 calls for a legal conclusion to which no response is required. Should a response be required, Defendant states that the purpose and provisions of the FDCPA speak for themselves, and deny all allegations inconsistent therewith. Defendant denies all remaining allegations of Paragraph 18.

19. Paragraph 19 is vague, ambiguous, overbroad in time sand scope, and calls for a legal conclusion to which no response is required. Further answering, Defendant states that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19. Defendant denies all remaining allegations of Paragraph 19, if any.

20. Defendant denies all allegations of Paragraph 20.

21. Defendant denies all allegations of Paragraph 21.

22. Defendant denies all allegations of Paragraph 22.

23. Defendant denies all allegations of Paragraph 23.

24. Defendant denies all allegations of Paragraph 24.

25. Defendant denies all allegations of Paragraph 25.

26. Defendant denies all allegations of Paragraph 26.

27. Defendant denies all allegations of Paragraph 27.

28. Defendant denies all allegations of Paragraph 28.

29. For its response to Paragraph 29 of the Complaint, Defendant hereby restates and reincorporates by reference its responses to Paragraphs 1 through 28 of the Complaint, as though fully stated herein.

30. Paragraph 30 calls for a legal conclusion to which no response is required. Should a response be required, Defendant states that the purpose and provisions of the Rosenthal Act speak for themselves, and deny all allegations inconsistent therewith. Defendant denies all remaining allegations of Paragraph 30.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31. Defendant denies all allegations of Paragraph 31.

32. Defendant denies all allegations of Paragraph 32.

33. Defendant denies all allegations of Paragraph 33.

34. Defendant denies all allegations of Paragraph 34.

35. Defendant denies all allegations of Paragraph 35.

36. Defendant denies all allegations of Paragraph 36.

37. Defendant denies all allegations of Paragraph 37.

## AFFIRMATIVE DEFENSES

Defendant, GC Services, L.P. ("Defendant"), for its affirmative defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, the defendant states that any violation of the FDCPA or Rosenthal Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant states that Plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant states the damages alleged by Plaintiff were the result of superseding and/or intervening cause(s).

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant states that Plaintiff's alleged damages were not proximately caused by Defendant.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31604989v1 0975156

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant states that while Plaintiff did not sustain any damages, in the event that he did, those exclude actual damages.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant states that in the event a violation of law occurred, which Defendant denies, the violation was not material.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant states that Plaintiff lacks standing to assert certain claims under the FDCPA and Rosenthal Act because he is not a "consumer" as defined by those statutes.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims, as Defendant may possess certain arbitration rights based upon contracts entered into by Plaintiff, and this matter may be precluded from proceeding within the United States District Court for the Eastern District of California.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, upon information and belief, Defendant states that Plaintiff lacks standing to assert claims the claims herein under the FDCPA and the Rosenthal Act.

**WHEREFORE**, defendant, GC SERVICES, L.P., respectfully requests that judgment be entered in its favor and against Plaintiff, and for such further relief as this Court deems just and proper.

///
///
///
///
///

6
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000
31604989v1 0975156

# **JURY DEMAND**

Defendant demands a trial by jury pursuant to F.R.C.P. 38.

DATED: August 3, 2015                     HINSHAW & CULBERTSON LLP

                                          By: /S/ Renee Choy Ohlendorf
                                          Renee Choy Ohlendorf
                                          Attorneys for Defendant GC Services, L.P.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

7
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
31604989v1 0975156

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On August 3, 2015, I served the within **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL,** on the following attorney(s) of record and/or interested parties in this action, by placing a true and correct copy(ies) thereof enclosed in sealed envelope(S), addressed as follows, by the following means:

| Trinette Gragirena Kent<br>Kent Law Offices<br>10645 N. Tatum Blvd.<br>Suite 200-192<br>Phoenix, AZ  85028<br>480-247-9644<br>480-717-4781 F<br>tkent@kentlawpc.com<br>Attorney for Plaintiff | Attorneys for Plaintiff |
|---|---|

☐ **(BY MAIL)**:   I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY CM/ECF SERVICE)**:   I caused such document(s) to be delivered electronically via CM/ECF as noted herein.
Executed on July 17, 2015, at Los Angeles, California.

**(FEDERAL)**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct

*/s/ Kristina Hightower*
Kristina Hightower

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

1
PROOF OF SERVICE

31604989v1 0975156